# UNITED STATES BANKRUPTCY COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

In re:

UNIVERSAL HEALTH CARE GROUP, INC.,     Case No. 8:13-bk-01520-KRM
                                               Chapter 11

    Debtor.
_____/

THE FLORIDA DEPARTMENT OF
FINANCIAL SERVICES, AS RECEIVER
FOR UNIVERSAL HEALTH CARE, INC. &

THE FLORIDA DEPARTMENT OF
FINANCIAL SERVICES, AS RECEIVER
FOR UNIVERSAL HEALTH CARE
INSURANCE COMPANY, INC.

    Plaintiffs,

v.                                                                   Adv. Proc. 8:13-ap-00392-KRM

UNIVERSAL HEALTH CARE GROUP, INC.,
BANKUNITED, N.A. AS ISSUING
LENDER AND ADMINSTRATIVE AGENT,
SONEET R. KAPILA, AS DULY APPOINTED
CHAPTER 11 TRUSTEE, &
AMERICAN MANAGED CARE, LLC.

    Defendants.
_____/

## ANSWER AND AFFIRMATIVE DEFENSES OF
## SONEET R. KAPILA, AS DULY APPOINTED CHAPTER 11 TRUSTEE FOR
## UNIVERSAL HEALTH CARE GROUP, INC. AND ON BEHALF OF
## <u>AMERICAN MANAGED CARE, LLC</u>

SONEET R. KAPILA, as duly appointed Chapter 11 Trustee for Universal Health Care Group, Inc. and on behalf of American Managed Care, LLC (the "<u>Trustee</u>"), by his undersigned counsel, hereby responds in correspondingly numbered paragraphs to the Complaint for Declaratory Relief (the "<u>Complaint</u>") filed by the Florida Department of Financial Services, as

court-appointed Receiver ("Receiver" or "Plaintiffs") for Universal Health Care, Inc. ("UHC") and Universal Health Care Insurance Company, Inc. ("UHCIC"), and in support states as follows:

**Jurisdiction and Venue**

1. Admitted that this purports to be such an action.

2. Admitted.

3. Admitted.

4. Admitted.

**Allegations of Fact**

5. Admitted.

6. Admitted.

7. Admitted.

8. Admitted.

9. Admitted.

10. Admitted.

11. Admitted.

12. Admitted.

13. Admitted

14. Paragraph 14 states a legal conclusion to which no response is required. To the extent a response is required, the allegations are denied.

15. Admitted.

16. Admitted.

17. Paragraph 17 states a legal conclusion to which no response is required. To the extent a response is required, the allegations are denied.

18. Admitted.

19. Admitted.

20. Admitted.

21. The Orders of Appointment[1] speak for themselves.

22. The Orders of Appointment speak for themselves.

23. Admitted that the Plaintiffs purport to have a claim. Denied that a specific claim has been asserted or can be asserted by the Plaintiffs.

24. Admitted.

25. Admitted.

26. Admitted that the Plaintiffs purport to have a claim. Denied that a specific claim has been asserted.

## Count 1: Declaratory Judgment

27. The Trustee incorporates his answers to paragraphs 1 through 26 of the Complaint as if fully set forth herein.

28. Paragraph 28 states a legal conclusion to which no response is required. To the extent a response is required, the allegations are denied.

29. Paragraph 29 states a legal conclusion to which no response is required. To the extent a response is required, the allegations are denied.

30. Without knowledge.

31. Florida Statute § 631.011 speaks for itself.

---

[1] All terms not defined herein shall have the meaning ascribed to them in the Complaint.

32. Denied that the Plaintiffs have filed or asserted any specific claim or can assert any claim.

33. Admitted.

34. Paragraph 34 states a legal conclusion to which no response is required. To the extent a response is required, the allegations are denied.

35. Denied.

36. Denied.

37. Paragraph 37 states a legal conclusion to which no response is required. To the extent a response is required, the allegations are denied.

38. Denied.

The Trustee responds to the unnumbered paragraph following paragraph 38 and denies that the Plaintiffs are entitled to the relief requested.

Any allegation not specifically admitted is hereby denied.

**AFFIRMATIVE DEFENSES**

**First Affirmative Defense**

The Complaint fails to join indispensable parties. Other affiliates of the Debtor which were parties to that certain Amended Intercompany Tax Sharing Agreement dated July 27, 2010 ("Tax Sharing Agreement"), including Universal HMO of Texas, Inc. and Universal Health Care of Nevada, Inc. have not been joined.

### Second Affirmative Defense

The Complaint fails to state a claim against Universal Health Care Group, Inc. ("Universal") because (1) the Plaintiffs never filed a proof of claim and the bar date in the Universal bankruptcy passed on April 22, 2013, and (2) the Plaintiffs cannot assert a valid claim because the Plaintiffs received an avoidable claim under 11 U.S.C. § 502(e). Specifically, on November 11, 2012, UHCIC received a transfer of $11,150,209 from Universal, for no value, at a time when Universal was plainly insolvent. UHCIC is a subsidiary of Universal and as such is an insider within the meaning of 11 U.S.C. § 101(31). The Plaintiffs stand in the shoes of the UHCIC as its Receiver.

### Third Affirmative Defense

Plaintiffs are not "domestic insurance companies" within the meaning of 11 U.S.C. § 109 and the intended purpose of the McCarran-Ferguson Act. The products offered by UHC and UHCIC fail to include the risk-sharing characteristics of insurance. In any event, the interpretation of the Tax Sharing Agreement between Universal and its subsidiaries has absolutely nothing to do with the business of insurance and is not an issue for which the State of Florida has a unique or protectable interest under the McCarran-Ferguson Act.

### Fourth Affirmative Defense

The Complaint is void as to American Managed Care, LLC ("AMC") as it was filed after AMC filed its petition under Chapter 11 of the Bankruptcy Code.

## Fifth Affirmative Defense

The Tax Sharing Agreement between Universal, as the parent company, and its subsidiaries is simply a contract. It created nothing more than a debtor/creditor relationship between Universal and each of its subsidiaries. On its face, the Tax Sharing Agreement fails to impose any type of legal or equitable trust that would support any colorable property claim by the Plaintiffs.

The Trustee reserves the right to incorporates by reference any defense raised by any other defendant and to file any appropriate counterclaims as the Trustee completes his investigation of the transactions at issue.

/s/ Roberta A. Colton
ROBERTA A. COLTON
Florida Bar No. 0371289
rcolton@trenam.com
TRENAM, KEMKER, SCHARF, BARKIN, FRYE, O'NEILL & MULLIS, PA
101 E. Kennedy Blvd., Suite 2700
Tampa, Florida 33602
Telephone: (813) 223-7474
Fax: (813) 229-6553
*Attorneys for the Chapter 11 Trustee*

**CERTIFICATE OF SERVICE**

    I HEREBY CERTIFY that on June 19, 2013, a true and correct copy of the foregoing was forwarded by U.S. Mail and/or through the Court's CM/ECF Noticing System to: Thomas M. Messana, Messana, P.A., 401 East Las Olas Boulevard, Suite 1400, Fort Lauderdale, FL 33301; and all registered CM/ECF recipients.

                                            /s/ Roberta A. Colton
                                            Attorney